1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  KARL SMITH,                                      CASE NO. 07cv1964-IEG(NLS)

12                                Plaintiff,         Order Granting Motion to Proceed *In
                                                     Forma Pauperis*; Denying Motion for
13            vs.                                    Appointment of Counsel; Dismissing
                                                     Complaint with Leave to Amend
14  UNITED STATES POSTAL SERVICE,

                                  Defendant.
15

16
17        Plaintiff Karl Smith has filed a complaint alleging discrimination and violation of the

18  United States constitution.  Plaintiff also moves the Court for appointment of counsel and for leave

    to proceed *in forma pauperis*.
19
    *1.  Motion to Proceed IFP*
20
          Pursuant to 28 U.S.C. § 1915(a)(1), any person may be granted leave to proceed with an
21
    action without prepayment of fees if that person is unable to pay such fees.  Here, Plaintiff has
22
    submitted an affidavit stating he is not currently employed, has not been employed within the last
23
    twelve months, has no savings or checking account or other significant assets, and receives only
24
    $940 each month in Social Security benefits.  As a result, the Court GRANTS Plaintiff's motion to
25
    proceed *in forma pauperis*.
26
    *2.  Initial Screening per 28 U.S.C. § 1915(e)(2)*
27
          Pursuant to 28 U.S.C. § 1915(e)(2), the Court must *sua sponte* dismiss any IFP complaint,
28
    or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages

from defendants who are immune.  See 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). This section mandates that the court reviewing an IFP suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  Id.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court has a duty to liberally construe a pro se's pleadings, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), which is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled."  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the Court cannot ascertain what federal claim Plaintiff is attempting to assert.  The only factual allegation contained in Plaintiff's complaint is that he is "being giving [sic] adulterated mail every day inside of [his] P.O. Box."  On the civil cover sheet Plaintiff filed along with his initial complaint, he cites 5 U.S.C. § 552a.  That statute, however, discusses records maintained on individuals by government and administrative agencies and appears irrelevant to the conduct alleged by Plaintiff.  In the text of his one-page complaint, Plaintiff first states he is proceeding under Title VI of the Civil Rights Act.  However, Title VI  prohibits discrimination by certain Federally-funded State or local government programs or agencies.  42 U.S.C. § 2000d; Radcliff v. Landau, 883 F.2d 1481, 1482 (9th Cir. 1989).  The U.S. Postal Service is not a federally-funded program.

Plaintiff also states his right to due process under the Fifth and Fourteenth Amendments are being violated.  The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law."  U.S. CONST.

1    amend. XIV, § 1.  This Clause clothes individuals with the right to both substantive and procedural

2    due process.  United States v. Salerno, 481 U.S. 739, 746 (1987) (analyzing the Due Process Clause

3    of the Fifth Amendment).  Substantive due process "prevents the government from engaging in

4    conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered

5    liberty . . . ."  Id. (internal quotation marks and citations omitted).   Procedural due process requires

6    that the government's deprivation of life, liberty, or property, even if consistent with substantive

7    due process, "be implemented in a fair manner."  Id. (internal quotation marks and citation

8    omitted).

9        To plead procedural due process violations, a plaintiff must allege: (1) a life, liberty or

10   property interest exists and has been subject to interference by the state; and (2) the procedures

11   attendant upon the deprivation of an existing interest were constitutionally insufficient.  Kentucky

12   Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990).  To plead a substantive due process

13   violation, a plaintiff must allege governmental action which deprives plaintiff of a life, liberty or

14   property interest which may not be deprived regardless of the procedure employed.  Planned

15   Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 846-50 (1992).  The protections

16   of substantive due process have for the most part been accorded to matters relating to marriage,

17   family, procreation, and the right to bodily integrity.  See, e.g., Planned Parenthood of Southeastern

18   Pa., 505 U.S. at 846-50 (describing cases in which substantive due process rights have been

19   recognized).

20       Here, Plaintiff's allegation that he is being given adulterated mail does not state a claim for

21   violation of due process.  Plaintiff has not identified any deprivation of life, liberty or property, and

22   has not alleged any conduct that shocks the conscience.  On September 15, 2007, Plaintiff filed a

23   supplemental document in support of his complaint. That document, however, does not state any

24   additional legal or factual basis for Plaintiff's claim.  As a result, the Court must DISMISS

25   Plaintiff's complaint with leave to amend.

26   *3.  Motion for Appointment of Counsel*

27       Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.

28   The Constitution provides no right to appointment of counsel in a civil case unless an indigent

1   litigant may lose his physical liberty if he loses the litigation. <u>Lassiter v. Dept. of Social Services</u>,

2   452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however,  district courts are granted

3   discretion to appoint counsel for indigent persons under "exceptional circumstances." <u>Terrell v.</u>

4   <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an

5   evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to

6   articulate [her] claims <u>pro se</u> in light of the complexity of the legal issues involved.' Neither of

7   these issues is dispositive and both must be viewed together before reaching a decision.'" <u>Id.</u>

8   (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9          Here, exceptional circumstances do not require the appointment of counsel.  Plaintiff has

10  not yet put before the Court any facts or cognizable legal theory which would merit further

11  proceedings.  As a result, the Court DENIES Plaintiff's motion for appointment of counsel without

12  prejudice to being renewed if he files an amended complaint.

### *Conclusion*

14         For the reasons set forth herein, the Court GRANTS Plaintiff's motion to proceed *in forma*

15  *pauperis* and DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(a)(1).  Plaintiff may file an

16  amended complaint within 45 days of the filing of this order.  Plaintiff's motion for appointment of

17  counsel is DENIED.

18         **IT IS SO ORDERED**.

20  **DATED:  October 17, 2007**

21  **IRMA E. GONZALEZ, Chief Judge**

22  **United States District Court**

- 4 -

07cv1964